IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | SEALED |
| v. | Case No. **CR 17-087-RAW** |
| NICOLE MARIE HARRING, BOBBY JOECEPHUS MEDINA, KSENIA URA GUBAREVA, NATHAN PAUL PARKER, ALVIN ARLEY POTTS II and DAMON LEE DAMRON, | |
| *Defendants.* | |

## INDICTMENT

The Federal Grand Jury charges:

### INTRODUCTION

At all times relevant to this Indictment,

1. The Automated Clearing House (ACH) is a computer-based clearing and settlement facility established to process the exchange of electronic financial transactions between participating depository institutions. The use of the ACH payment system includes business-to-business payments. When a check is presented for payment via ACH, the original check is voided and returned to the presenter. The relevant information is captured electronically and sent to ACH.

2. A Virtual Teller Machine (VTM) is a device for bank customers to perform banking transactions while interacting with bank tellers located at other mini-bank branches nationwide via video-conferencing. The VTM is much like an Automated Teller Machine (ATM) except that the customer interacts with a live teller. The VTM machine retains the original check and transmits an electronic copy to the teller's location. The VTM also scans a copy of the presenter's personal

identification. The teller then decides whether to pay the check and in what denominations. In the instant Indictment, the VTM machines utilized were in Durant and Kingston, Oklahoma. The tellers were located in Columbia, Missouri. When the transactions were conducted, an electronic copy of the checks were sent to the tellers in Columbia, Missouri, and the tellers made the determination to honor the counterfeit checks. The VTM also scanned the license of the person cashing the check.

## COUNT ONE

## CONSPIRACY
## [18 U.S.C. § 371]

### THE CONSPIRACY AND ITS OBJECTS

From in or about November 28, 2016, to on or about December 8, 2016, in the Eastern District of Oklahoma and elsewhere, **NICOLE MARIE HARRING** and **BOBBY JOECEPHUS MEDINA,** defendants herein, (collectively "the Defendants"), and others known and unknown to the Grand Jury, conspired to commit offenses against the United States, that is:

To knowingly and willfully, with intent to deceive, make, utter and possess counterfeit securities consisting of checks purporting to be drawn on banks which operate in or the activities of which affect interstate commerce, in violation of 18 U.S.C. § 513(a).

### THE MEANS AND METHODS OF THE CONSPIRACY

Defendants and the conspirators known and unknown to the Grand Jury intended to achieve the objects of the conspiracy by the following means and methods:

1. Defendant **NICOLE MARIE HARRING** possessed and used computers, computer software and printers within the Eastern District of Oklahoma to create counterfeit checks of various businesses purporting to be drawn on banks within the Eastern District of Oklahoma and elsewhere.

2. Defendants would cash the counterfeit checks and/or recruit various persons to cash the counterfeit checks at different banks and businesses located within the Eastern District of Oklahoma and elsewhere. The conspirators would induce recruits to undertake the task of cashing the checks by offering them a portion of the proceeds.

## OVERT ACTS

1. During the period from on or about November 28, 2016, through on or about December 8, 2016, defendant **NICOLE MARIE HARRING** possessed and used computers, computer software and printers to make counterfeit checks in a recreation vehicle located at Lake Texoma, Lakeside Camp Ground, 3991 Streetman Road, Campsite F18, Mead, Oklahoma, which is within the Eastern District of Oklahoma.

2. On or about November 28, 2016, defendant **NICOLE MARIE HARRING** cashed a counterfeit check from Chickasaw Nation, Division of Commerce, in the amount of $378.10 at Miller's Short Stop in Durant, Oklahoma. The check was returned as counterfeit from First Texoma National Bank in Durant, Oklahoma.

3. On or about November 29, 2016, defendant **BOBBY JOECEPHUS MEDINA** cashed a counterfeit check from Chickasaw Nation, Division of Commerce, in the amount of $410.22 at Miller's Short Stop in Durant, Oklahoma. At the time the check was presented, **NICOLE MARIE HARRING** was with **MEDINA.** The check was returned as counterfeit from First Texoma National Bank in Durant, Oklahoma.

4. On or about December 7, 2016, defendant **BOBBY JOECEPHUS MEDINA** cashed a counterfeit check from Chickasaw Nation, Division of Commerce, in the amount of $304.25 at Lucky Stop in Durant, Oklahoma. The check was returned as counterfeit from Landmark Bank in Ada, Oklahoma.

5. On or about December 8, 2016, defendant **NICOLE MARIE HARRING** cashed a counterfeit check from Chickasaw Nation, Division of Commerce, in the amount of $388.10 at Lucky Stop in Durant, Oklahoma. The check was returned as counterfeit from Landmark Bank in Ada, Oklahoma.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO

### UTTERING A COUNTERFEIT SECURITY WITH INTENT TO DECEIVE
[18 U.S.C. § 513(a)]

On or about November 28, 2016, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING**, defendant herein, did knowingly possess and utter a counterfeited security, to-wit: counterfeit check number 2695 purported to be a genuine check of Chickasaw Nation, Division of Commerce, drawn on an account at First United Bank, Durant, Oklahoma, in the amount of $378.10, with the intent to deceive another, in violation of Title 18, United States Code, Section 513(a).

### COUNT THREE

### UTTERING A COUNTERFEIT SECURITY WITH INTENT TO DECEIVE
[18 U.S.C. §§ 513(a) & 2]

On or about November 29, 2016, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING** and **BOBBY JOECEPHUS MEDINA**, defendants herein, did knowingly possess and utter a counterfeited security, to-wit: counterfeit check number 2698 purported to be a genuine check of Chickasaw Nation, Division of Commerce, drawn on an account at First United Bank, Durant, Oklahoma, in the amount of $410.22, with the intent to deceive another, in violation of Title 18, United States Code, Sections 513(a) and 2.

4

## COUNT FOUR

### UTTERING A COUNTERFEIT SECURITY WITH INTENT TO DECEIVE
### [18 U.S.C. §§ 513(a) & 2]

On or about December 7, 2016, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING** and **BOBBY JOECEPHUS MEDINA**, defendants herein, did knowingly possess and utter a counterfeited security, to-wit: counterfeit check number 2696 purported to be a genuine check of Chickasaw Nation, Division of Commerce, drawn on an account at First United Bank, Durant, Oklahoma, in the amount of $304.25, with the intent to deceive another, in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT FIVE

### UTTERING A COUNTERFEIT SECURITY WITH INTENT TO DECEIVE
### [18 U.S.C. § 513(a)]

On or about December 8, 2016, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING**, defendant herein, did knowingly possess and utter a counterfeited security, to-wit: counterfeit check number 2699 purported to be a genuine check of Chickasaw Nation, Division of Commerce, drawn on an account at First United Bank, Durant, Oklahoma, in the amount of $388.10, with the intent to deceive another, in violation of Title 18, United States Code, Section 513(a).

## COUNT SIX

### CONSPIRACY TO COMMIT WIRE FRAUD
### [18 U.S.C. § 1349]

#### THE CONSPIRACY AND ITS OBJECTS

From on or about May 23, 2017, through June 9, 2017, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING, KSENIA URA GUBAREVA, NATHAN PAUL PARKER,**

**ALVIN ARLEY POTTS II** and **DAMON LEE DAMRON**, defendants herein, (collectively "the Defendants"), and others known and unknown to the Grand Jury, conspired to commit offenses against the United States, that is:

To obtain money and property by means of materially false pretenses, representations and promises, in violation of 18 U.S.C. § 1343.

## THE MEANS AND METHODS OF THE CONSPIRACY

Defendants and the conspirators known and unknown to the Grand Jury intended to achieve the objects of the conspiracy by the following means and methods:

1. Defendant **NICOLE MARIE HARRING** possessed and used computers, computer software and printers within the Eastern District of Oklahoma to create counterfeit checks of various businesses purporting to be drawn on banks within the Eastern District of Oklahoma and elsewhere.

2. Defendants would cash the counterfeit checks and/or recruit various persons to cash the counterfeit checks at different banks and businesses located within the Eastern District of Oklahoma and elsewhere. The conspirators would induce recruits to undertake the task of cashing the checks by offering them a portion of the proceeds.

3. Defendants would use materially false and fraudulent pretenses, representations and promises, and cause to be transmitted by means of wire communication and interstate commerce, counterfeit checks or payment by banks in the Eastern District of Oklahoma and elsewhere.

4. The Defendants would possess and utilize identification cards of others in order to facilitate unlawful activity.

## OVERT ACTS

1. During the period from on or about November 28, 2016, through on or about June 9, 2017, defendant **NICOLE MARIE HARRING** possessed and used computers, computer software and printers to make counterfeit checks in a recreation vehicle located at Lake Texoma, Lakeside Camp Ground, 3991 Streetman Road, Campsite F18, Mead, Oklahoma, which is within the Eastern District of Oklahoma.

2. On or about May 23, 2017, defendant **KSENIA URA GUBAREVA** cashed two counterfeit Amvets, Sherman Post, Number 47, checks utilizing the Automated Clearing House (ACH) in the amounts of $212.00 and $795.00 respectively at the Texoma Gaming Center, in Kingston, Oklahoma. The checks were reported as counterfeit from First Texoma National Bank. **NICOLE MARIE HARRING** gave **GUBAREVA** the checks to present, and after the checks were cashed, **HARRING** and **GUBAREVA** split the proceeds.

3. On or about May 23, 2017, defendant **KSENIA URA GUBAREVA** utilized the actual driver's license of D.M. as identification to cash the two counterfeit Amvets checks described in paragraph 2. **NICOLE MARIE HARRING** provided the license to **GUBAREVA** to use for these transactions.

4. On or about May 24, 2017, defendant **KSENIA URA GUBAREVA** cashed a counterfeit Amvets, Sherman Post, Number 47, check utilizing the Automated Clearing House (ACH) in the amount of $212.00 at the Texoma Gaming Center, in Kingston, Oklahoma. The check was reported as counterfeit from First Texoma National Bank. **NICOLE MARIE HARRING** gave **GUBAREVA** the check to present, and after the check was cashed, **HARRING** and **GUBAREVA** split the proceeds.

5. On or about May 24, 2017, defendant **KSENIA URA GUBAREVA** utilized the actual driver's license of D.M. as identification to cash the counterfeit Amvet check described in paragraph 4. **NICOLE MARIE HARRING** provided the license to **GUBAREVA** to use for this transaction.

6. On or about May 24, 2017, defendant **KSENIA URA GUBAREVA** cashed two counterfeit Amvets, Sherman Post, Number 47, checks at the Choctaw Casino in Durant, Oklahoma. The checks were for $2,438.00 and $530.00 respectively. The checks were reported as counterfeit by Amvets, Sherman Post, Number 47. **NICOLE MARIE HARRING** gave **GUBAREVA** the checks to present, and after the checks were cashed, **HARRING** and **GUBAREVA** split the proceeds.

7. On or about May 24, 2017, defendant **KSENIA URA GUBAREVA** utilized the actual driver's license of D.M. as identification to cash the counterfeit Amvets, Sherman Post, Number 47, checks described in paragraph 6. **NICOLE MARIE HARRING** provided the license to **GUBAREVA** to use for this transaction.

8. On May 28, 2017, defendant **NATHAN PAUL PARKER** went to the Landmark Bank VTM in Durant, Oklahoma. **PARKER** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $1,855.00.

9. On or about May 30, 2017, an unindicted coconspirator went to the Landmark Bank VTM in Durant, Oklahoma. The unindicted coconspirator presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $1,640.00. The check was deposited and cash received. **NICOLE MARIE HARRING** gave the unindicted coconspirator the check to present, and after the check was cashed, **HARRING** and the unindicted coconspirator split the proceeds.

8

10. On or about May 30, 2017, defendant **NATHAN PAUL PARKER** went to the Landmark Bank VTM in Durant, Oklahoma. **PARKER** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $1,566.00.

11. On or about May 30, 2017, defendant **DAMON LEE DAMRON** went to the Landmark Bank VTM in Durant, Oklahoma. **DAMRON** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $1,605.00.

12. On or about May 30, 2017, defendant **ALVIN ARLEY POTTS II** went to the Landmark Bank VTM in Durant, Oklahoma. **POTTS** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $2,100.00.

13. On or about June 8, 2017, defendant **NATHAN PAUL PARKER** went to the Landmark Bank VTM in Kingston, Oklahoma. **PARKER** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $1,760.00.

14. On or about June 8, 2017, defendant **ALVIN ARLEY POTTS** went to the Landmark Bank VTM in Kingston, Oklahoma. **POTTS** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $1,980.00.

15. On or about June 9, 2017, defendant **NATHAN PAUL PARKER** went to the Landmark Bank VTM in Kingston, Oklahoma. **PARKER** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $2,600.00.

16. On or about June 9, 2017, defendant **ALVIN ARLEY POTTS II** went to the Landmark Bank VTM in Kingston, Oklahoma. **POTTS** presented a counterfeit check from the bank account of Ivy Funding Company, LLC, in the amount of $3,100.00.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS SEVEN THROUGH EIGHTEEN

### WIRE FRAUD
### [18 U.S.C. § 1343]

### SCHEME TO DEFRAUD AND MANNER AND MEANS OF THE SCHEME

1. Defendant **NICOLE MARIE HARRING** possessed and used computers, computer software and printers, located within the Eastern District of Oklahoma, to create counterfeit checks of various businesses purporting to be drawn on banks within the Eastern District of Oklahoma and elsewhere.

2. Defendants **NICOLE MARIE HARRING, KSENIA URA GUBAREVA, NATHAN PAUL PARKER, DAMON LEE DAMRON** and **ALVIN ARLEY POTTS II,** would cash the counterfeit checks and/or recruit various persons to cash the counterfeit checks at different banks and businesses located within the Eastern District of Oklahoma and elsewhere. The conspirators would induce recruits to undertake the task of cashing the checks by offering them a portion of the proceeds.

3. Defendants **NICOLE MARIE HARRING, KSENIA URA GUBAREVA, NATHAN PAUL PARKER, DAMON LEE DAMRON** and **ALVIN ARLEY POTTS II,** would use materially false and fraudulent pretenses, representations and promises, and cause to be transmitted by means of wire communication and interstate commerce, counterfeit checks or payment by banks in the Eastern District of Oklahoma and elsewhere.

4. The Defendants **NICOLE MARIE HARRING** and **KSENIA URA GUBAREVA** would possess and utilize identification cards of others in order to facilitate unlawful activity.

On the dates set forth below, in the Eastern District of Oklahoma and elsewhere, **NICOLE MARIE HARRING, KSENIA URA GUBAREVA, NATHAN PAUL PARKER, DAMON LEE DAMRON** and **ALVIN ARLEY POTTS II,** defendants herein, for the purpose of the

executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds as detailed below:

| COUNT | DATE | DEFENDANT | CHECK NUMBER | AMOUNT | BANK | PAYMENT METHOD |
|---|---|---|---|---|---|---|
| SEVEN | 5/23/17 | HARRING & GUBAREVA | 1009 | $212.00 | First Texoma National Bank | ACH |
| EIGHT | 5/23/17 | HARRING & GUBAREVA | 1010 | $795.00 | First Texoma National Bank | ACH |
| NINE | 5/24/17 | HARRING & GUBAREVA | 1013 | $212.00 | First Texoma National Bank | ACH |
| TEN | 5/24/17 | HARRING & GUBAREVA | 1011 | $530.00 | First Texoma National Bank | ACH |
| ELEVEN | 5/28/17 | HARRING & PARKER | 22048 | $1,855.00 | Landmark Bank Columbia, Missouri | VTM |
| TWELVE | 5/30/17 | HARRING & PARKER | 22054 | $1,566.00 | Landmark Bank Columbia, Missouri | VTM |
| THIRTEEN | 5/30/17 | HARRING & DAMRON | 22053 | $1,605.00 | Landmark Bank Columbia, Missouri | VTM |
| FOURTEEN | 5/30/17 | HARRING & POTTS II | 22051 | $2,100.00 | Landmark Bank Columbia, Missouri | VTM |
| FIFTEEN | 6/8/17 | HARRING & PARKER | 35000 | $1,760.00 | Landmark Bank Columbia, Missouri | VTM |
| SIXTEEN | 6/8/17 | HARRING & POTTS II | 35017 | $1,980.00 | Landmark Bank Columbia, Missouri | VTM |
| SEVENTEEN | 6/9/17 | HARRING & PARKER | 35022 | $2,600.00 | Landmark Bank Columbia, Missouri | VTM |
| EIGHTEEN | 6/9/17 | HARRING & POTTS II | 35066 | $3,100.00 | Landmark Bank Columbia, Missouri | VTM |

All in violation of Title 18, United States Code, Section 1343.

## COUNT NINETEEN

### AGGRAVATED IDENTITY THEFT
### [18 U.S.C. §§ 1028A(c)(2) & 2]

On or about May 23, 2017, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING** and **KSENIA URA GUBAREVA**, defendants herein, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 1349, as alleged in Count Six, and Wire Fraud in violation of Title 18, United States Code, Section 1343, as alleged in Count

11

Seven, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY

### AGGRAVATED IDENTITY THEFT
### [18 U.S.C. §§ 1028A(c)(2) & 2]

On or about May 23, 2017, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING** and **KSENIA URA GUBAREVA**, defendants herein, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 1349, as alleged in Count Six, and Wire Fraud in violation of Title 18, United States Code, Section 1343, as alleged in Count Eight, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY-ONE

### AGGRAVATED IDENTITY THEFT
### [18 U.S.C. §§ 1028A(c)(2) & 2]

On or about May 24, 2017, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING** and **KSENIA URA GUBAREVA**, defendants herein, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 1349, as alleged in Count Six, and Wire Fraud in violation of Title 18, United States Code, Section 1343, as alleged in Count Nine, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT TWENTY-TWO

## AGGRAVATED IDENTITY THEFT
[18 U.S.C. § 1028A(a)(1)]

On or about May 24, 2017, in the Eastern District of Oklahoma, **NICOLE MARIE HARRING** and **KSENIA URA GUBAREVA**, defendants herein, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 1349, as alleged in Count Six, and Wire Fraud in violation of Title 18, United States Code, Section 1343, as alleged in Count Ten, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)]

The allegations contained in Counts Six through Eighteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses alleged in Counts Six through Eighteen of this Indictment, **NICOLE MARIE HARRING, KSENIA URA GUBAREVA, NATHAN PAUL PARKER, DAMON LEE DAMRON** and **ALVIN ARLEY POTTS II,**, defendants herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property involved in or used in the offense, including but not limited to:

- Compaq Laptop Computer, Serial Number CNF5171VQ6;
- Canon Pixma Printer/Scanner, Serial Number AEJR05084; and
- Seagate External Drive.

A TRUE BILL:

Pursuant to the E-Government Act, the original indictment has been filed under seal in the Clerk's Office.

BRIAN J. KUESTER
United States Attorney

s / Foreperson
FOREPERSON OF THE GRAND JURY

*[signature: Melody Noble Nelson]*

MELODY NOBLE NELSON, OBA #16467
Assistant United States Attorney

14